Judge Buckner
delivered the'opinion of the Court.
In April, 1827, James Allcorn with two others, as his sureties, executed a promissory note to Robrt Rafferty for $>150, which the latter afterwards assigned to John Wylie,, who sued on it, and recovered judgment.
Allcorn, the-appellant, then filed this hill in chancery making Wylie, R. Rafferty, and the sureties defendants’ to be relieved against said judgment, and obtain an in’ junction. He alleges, that being sheriff of Living. *221 sion county, an execution offufa, was placed in his hands against Malcolm Rafferty, and Robert Huey, which he had levied, upon a slave, the property of said Malcolm, and had advertised for sale; and that he, Allcorn, was the owner of another slave, which he had purchased of said Malcolm; but which had not been delivered. He further states, that Robert Rafferty, before the day of sale, clandestinely and fraudulently carried said slaves, out of this State, to some place, at that time unknown to him; concealed them, and refused to give him any information on the subject, unless he would execute the note above described, which he did, as the only means of regaining the slaves, and for no other consideration whatever.
Person runs off and conceals the slaves of another, and af-terwards refuses to inform the owner where his slaves are,until owner executes his note to him for a certain sum of money; such notéis invalid, both from the fraud and the want of a legal consideration.
He alleges, that the obligee had assigned the note to Wylie, without any consideration, as his trustee to collect for him, who previous to the assignment, had full knowledge of all the circumstances aforesaid.
Wylie answered, denying the allegations of the bill, setting forth what he alleges was the true consideration, for which the note was executed; but omitting to state on what consideration the assignment was based.
The bill was taken as confessed against Rafferty, and. said sureties; but upon the final hearing, was dismissed with costs, and the injunction dissolved with damages; and Allcorn has appealed to this court, assigning such errors, as present every point necessary to be considered.
That the note on which the judgment was rendered, was obtained fraudulently and without any valid consideration, if the allegations of the bill be true, cannot be doubted.
Having secretly and fraudulently taken from the appellant the slaves, to which he, R; Rafferty, claimed no title, it was his duty, as an honest man, not only to have given the required information, as to the place where they were concealed, but to have returned them.
The deposition of the subscribing witness fully supported the allegations of the bill, as to the manner, in which the note sued on, was obtained. As to the assignment, by another witness, it was proved, that the appellant told Wylie, the assignment aforesaid, had been made to him without his, Wylie’s, knowledge, and with *222 out any consideration, to which he replied, it made no difference; he intended to collect the amount of the judgment, and use the money. This deposition, was rejected by the circuit court, on the ground, that it was irrelevant.
Discovery of nyaflferthe" calling of a cause or so as^nottoCaf-°’ ford time to procure it on cien^groun?' for a continu-anee, though foundeíon bS the affidavit of the attor-one hiteres-°r ted, not party to the suit,
' On the calling of the cause, a motion was made in behalf of the appellant, for a continuance, on affidavit made by one of the defendants in the judgment, at law, on fe Prece(ling day, lie had discovered, for the first time, a witness named Eurnes, who would swear that the assignment of said note to Wylie, was without consideration, and made to him as agent, to collect the amount, for the benefit of said R. Rafferty; and that since said discovery, there was not time to take the dep-osifi°n of the witness. He also stated, that the appellant then was, and had been, for some time, absent from home, on business. The court overruled the motion, ^or continuance. After the bill and answer were read, the attorney and agent of the appellant, moved the court, for a continuance, on affidavit, that he had dis covered, since the commencement of the trial, a witness fen at the bar, who would swear that he was present, at the execution of the note, on which the. judgment had been recovered, and that the statements made by the appellent, in his bill, as to the circumstances under which the cause and for which, it was executed, were true; but the court overruled that motion also; to which opinions excluding the deposition aforesaid, and overruling the motions for continuance, the appellant by his attorney excepted.
We are of opinion that the court erred in each opinion. The deposition, was relevant and important. It Wylie had no beneficial interest in the judgment, but had recovered it, for the benefit of Rafferty, against whom, the bill had been taken as confessed, the relief sought, ought to have been granted; and to establish that fact the deposition excluded, if supported by that of the witness, who had been discovered but the day before, would have been sufficient. The deposition of the witness, then at the bar, if taken in connexion with the other proof would have authorized a decree perpetuating the injunction, upon the ground of fraud, and a want of consideration, even had there been proof, that Wylie was an assignee, for a valuable consideration. *223 The propriety of a continuance would, it may be ac-knovvledged, have been more apparent, had an affidavit respecting the discovery of the testimony, been made by the appellant. It is possible, that he might have been apprized of what these witnesses would swear, in time to have taken their depositions, bul is by no means, probable. There seems to have hcon no previous motion, fora continuance by either party; the cause had been depending, but a short time; the appellant was absent on business, and his attorney and his sureties, who were interested in the relief sought, had manifested diligence in its preparation.
Crittenden, tor appellant; Monroe, for appellee»
The decree of the circuit court must be reversed, and the cause remanded with directions for further proceedings to be had, not inconsistent with this opinion.